UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

In re: Brian L. Sexton, Debtor.
Case No. 25-20382-can13
Chapter 13

**EMERGENCY MOTION FOR SUBSTITUTION OF JUDGE DUE TO JUDICIAL BIAS**

COMES NOW Brian L. Sexton (the "Debtor"), **pro se,** and respectfully moves this Court on an emergency basis for an order substituting the presiding judge in this case (i.e., recusal of the Honorable Cynthia A. Norton) due to demonstrated judicial bias. This Motion is brought pursuant to 28 U.S.C. § 455 and Rule 5004(a) of the Federal Rules of Bankruptcy Procedure, and is supported by the following grounds:

## Emergency Notice

**Emergency Nature of Relief:** The Debtor seeks expedited consideration of this Motion. Immediate relief is necessary to prevent further prejudice to the Debtor's rights, as continuing proceedings before a judge who has repeatedly and erroneously dismissed the case poses a serious risk to the fairness of the bankruptcy process. The Debtor requests that the Court hear this Motion on the earliest possible date and shorten any notice period as needed, given the urgency and the ongoing harm described below. Absent prompt intervention, the Debtor fears irreparable harm to his Chapter 13 reorganization efforts and undue emotional distress. Accordingly, **expedited relief** is warranted in the interests of justice.

## Background

1. **Case Commencement:** The Debtor filed the instant Chapter 13 case in 2025 and has at all times proceeded in good faith, striving to comply with the Bankruptcy Code and this Court's orders. The case is pending in the Western District of Missouri and is within this Court's core jurisdiction under 28 U.S.C. §§ 1334 and 157(b). Venue is proper under 28 U.S.C. § 1408.

2. **First Dismissal for §109(h):** On September 16, 2025, Judge Norton entered an Order dismissing the case **without prejudice** on the stated basis that the Debtor was ineligible to file because of "failure to document compliance with 11 U.S.C. § 109(h)" (i.e. failure to show completion of the pre-petition credit counseling)[1]. The order found that no evidence had been provided of the required credit briefing within 180 days prior to filing[1]. In fact, the Debtor **had** obtained the required credit counseling before filing (on or about July 1, 2025) and was prepared to submit the certificate. The Debtor promptly filed a motion to vacate that dismissal (Doc. 30), explaining that he had completed the counseling as required. On October 6, 2025, the Court **vacated** the dismissal and **reinstated** the case[2]. Specifically, Judge Norton entered an "Order Vacating the Dismissal and Reinstating the Case"[2],

thereby acknowledging the case should not have been dismissed for §109(h) non-compliance.

3. **Second Erroneous Dismissal:** On October 23, 2025, Judge Norton **again** entered an Order of Dismissal without prejudice, purporting to dismiss the case pursuant to 11 U.S.C. §§ 105(a), 521(i), 707(a)(2), and/or 727(a)(6)(A)[3]. The October 23rd dismissal order broadly cited those Code sections – which address a court's general powers, a debtor's filing duties, dismissal for cause (in Chapter 7), and refusal to obey a court order, respectively – as the grounds for dismissal[3]. The Debtor was stunned by this order, as he had not violated any provision that would warrant dismissal. Upon information and belief, this second dismissal was entered sua sponte and **in error** – possibly due to a misapplication of §521(i) (automatic dismissal for failure to file required documents) despite the Debtor's compliance. The Debtor received no prior notice or hearing before this sudden dismissal. Later *that same day* (October 23, 2025), the Court vacated the erroneous dismissal order, reinstating the case once more (the docket reflects that the dismissal was vacated on 10/23/25 shortly after entry). While the case was quickly reinstated, the **damage was already done** – the Debtor experienced substantial emotional distress and confusion upon learning that his case had been terminated without cause. This second unwarranted dismissal, even though reversed, caused the Debtor to fear that he cannot receive fair treatment in this Court.

4. **Pattern of Bias:** These two dismissals – both initiated by the Court despite the Debtor's compliance – form a troubling pattern. In each instance, the Debtor had complied or was capable of promptly complying with the requirement at issue, yet the case was precipitously dismissed. The first dismissal for alleged §109(h) non-compliance was unwarranted (as the Debtor had completed counseling), and the second dismissal was entered in error without due process. Taken together, the Debtor believes these incidents demonstrate a predisposition by the Judge against the Debtor or at least a **lack of impartiality** in handling his case. The Debtor notes that such sua sponte dismissals, especially when vacated after the fact, are extraordinary and have prejudiced his bankruptcy progress (e.g., causing delays, necessitating emergency motions to reinstate, and inflicting anxiety on the Debtor). A reasonable person observing this sequence of events would question whether the presiding judge has an unbiased perspective or whether the Debtor is being singled out for harsh treatment.

## Legal Standard

**Disqualification for Bias – 28 U.S.C. § 455:** Federal law mandates that a judge **"shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."**[4] This standard, codified at 28 U.S.C. § 455(a), is an objective one – it asks whether a reasonable person, knowing all the relevant facts, would doubt the judge's impartiality[5]. In addition, § 455(b)(1) requires disqualification when a judge "has a personal bias or prejudice concerning a party"[6]. These provisions apply to bankruptcy

judges with full force: under Bankruptcy Rule 5004(a), a bankruptcy judge must recuse in circumstances governed by 28 U.S.C. § 455[7].

Importantly, actual bias **need not** be proven; it is enough that there is an appearance of bias or lack of impartiality. The Supreme Court has emphasized that § 455(a) is designed to promote public confidence in the integrity of the judiciary, and thus **even the appearance of partiality** can necessitate recusal[8][5]. The test is whether an objective observer, fully informed of the facts, would reasonably question the judge's neutrality. If so, the judge *must* step aside in favor of a different judge to ensure a fair proceeding[5].

That said, not every adverse ruling or judicial remark equates to disqualifying bias. Generally, judicial rulings or actions during the course of proceedings do not justify recusal **unless** they are so egregious that they display a "deep-seated favoritism or antagonism that would make fair judgment impossible."[9] In other words, bias must usually stem from an extrajudicial source or be evidenced by such extreme judicial conduct that it indicates the judge has a closed mind or personal animus. *See* **Liteky v. United States**, 510 U.S. 540, 555 (1994) (explaining that ordinary judicial decisions, even if harsh, are not grounds for bias claims **unless** they reveal an extraordinary level of antagonism or favoritism)[9]. However, when such a level of bias is present or the **cumulative effect** of a judge's actions suggests an inability to remain impartial, recusal is warranted. As Justice Kennedy cautioned, a judge should be disqualified whenever it appears that the judge "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute."[10] *See also* **Liljeberg v. Health Services Acquisition Corp.**, 486 U.S. 847, 860 (1988) (a reasonable perception of bias or appearance of impropriety violates §455(a))[8].

In sum, the law entitles a litigant to an impartial judge. **28 U.S.C. § 455** and related jurisprudence exist to safeguard the fundamental due process right to a fair tribunal. If a judge's conduct or circumstances undermine public confidence in the fairness of the proceedings, recusal and substitution of a new judge are required.

## Argument

### 1. Appearance of Bias and Lack of Impartiality

The facts of this case would cause any objective observer to question the impartiality of the presiding judge. Two times in the span of approximately one month, Judge Norton has ordered this case dismissed on grounds that were **unfounded or erroneous**, only to have the case reinstated after the fact (one dismissal was vacated upon the Debtor's motion, and the other was vacated the very same day it was issued). Such a sequence is *highly unusual* and indicative of a problematic approach toward the Debtor's case. A reasonable person aware of these facts would conclude that the Judge's "impartiality might reasonably be questioned" in this matter[5]. Indeed, it gives the strong appearance that the Judge may have a bias against the Debtor or a predisposition that the case should not continue, regardless of the Debtor's compliance with the law.

Under § 455(a), **appearance matters**: the standard does not require the Debtor to prove actual malice or intentional misconduct by the Judge. It is sufficient that the Judge's actions have created an **appearance of partiality**. Here, the appearance of partiality is clear. The Judge's repeated willingness to dismiss the case without a solid basis – and without giving the Debtor an opportunity to be heard beforehand – suggests that the Debtor is not being afforded the neutral, even-handed treatment that litigants are entitled to. Even if the Court's motives were benign, the **effect** of these rapid-fire dismissals (later retracted) is that the Debtor (and the public) can no longer be confident in the Judge's neutrality. The Supreme Court has held that a § 455(a) violation is established when circumstances create such an appearance of bias, **"notwithstanding a finding that the judge was not actually"** biased[5]. In other words, the **integrity of the process** is as important as the reality. Here, that integrity has been compromised in the Debtor's eyes and likely in the eyes of an objective observer.

Furthermore, the second dismissal order cited extraordinary provisions (11 U.S.C. §§ 707(a)(2) and 727(a)(6)(A), among others[3]) that have little to no application in a Chapter 13 context or to the Debtor's situation, raising concern that the dismissal was not an isolated clerical mistake but part of a pattern of unjustified punitive action. The invocation of § 727(a)(6)(A) (which deals with denial of discharge for refusal to obey a court order in a Chapter 7 case) is particularly baffling and gives the impression that the Court was searching for *any* possible basis to dismiss or sanction the Debtor. Although the October 23rd dismissal was retracted, the incident left the Debtor feeling targeted and unfairly treated.

## 2. Evidence of Deep-Seated Antagonism or Bias

While adverse rulings alone do not prove bias, the **nature and frequency** of the adverse rulings here set this case apart. This is not a situation of one or two discretionary decisions within a normal range of outcomes; rather, it is a pattern of **unwarranted dismissals** that effectively terminated the Debtor's bankruptcy relief without justification. In the Debtor's view, this reflects at least a **degree of antagonism or prejudgment** by the Court. The Judge's actions speak louder than words: dismissing a case on a faulty premise (lack of credit counseling compliance) and then, after reinstatement, dismissing again on an even more tenuous (and procedurally improper) basis, demonstrates a *default* to dismissal rather than to giving the Debtor a fair chance. Such conduct goes beyond mere impatience or strictness – it suggests that the Judge may have "a high degree of favoritism or antagonism" that makes impartial judgment impossible in this case[9]. In **Liteky**, the Supreme Court acknowledged that when judicial behavior during proceedings reveals such a deep-seated antagonism, recusal is justified[9]. The Debtor submits that the instant situation crosses that line. At minimum, the Judge's rapid resort to dismissal (twice) reflects a mindset that the Debtor's case is not deserving of the usual due process and consideration, which is tantamount to bias in application if not in intent.

It is also notable that the Debtor is a **pro se** litigant. The Court's actions, whether consciously or not, have deprived a pro se Debtor of the chance to be heard on the issues

before taking the severe step of dismissal. This raises the concern that the Debtor is not being treated with the leniency or fairness typically afforded to ensure pro se parties can navigate the process. Even if the Court does not subjectively harbor ill will, the **cumulative effect** of the Court's decisions has been to consistently favor dismissal of the Debtor's case at the slightest pretext. Such a record would cause any debtor in this position to feel that the judge has effectively prejudged the case or harbors an unfavorable disposition toward him.

### 3. Preservation of Justice and Fairness

The recusal of Judge Norton is necessary not only to reassure the Debtor, but also to maintain the **appearance of justice** in the bankruptcy system. Courts have long recognized that "justice must satisfy the appearance of justice," *In re Murchison*, 349 U.S. 133, 136 (1955), and that a litigant's right to a fair tribunal is a fundamental component of due process. By continuing with the same Judge under these circumstances, the Debtor and creditors may question the legitimacy of any future rulings. In contrast, assigning a different judge would restore confidence that decisions in the case will be based on the merits and the law, free from any prior predispositions. The relief requested will not unduly prejudice any party – it merely seeks a fresh, unbiased adjudicator so that the Chapter 13 case can proceed fairly. The alternative is to force the Debtor to proceed under a cloud of perceived bias, which is untenable and contrary to the Bankruptcy Code's goal of providing honest debtors a fair opportunity for a fresh start.

Finally, the Court should consider that the Debtor's trust in the judicial process has been deeply shaken. He has endured emotional turmoil each time his case was abruptly dismissed, fearing the loss of the automatic stay protections and the derailment of his reorganization efforts. Although the dismissals were undone, the Debtor cannot continually operate under the threat that the next hearing or review might bring another unwarranted termination of his case. This mental and emotional strain is itself a consequence of the perceived bias and is harmful to the Debtor's ability to effectively prosecute his Chapter 13 plan. **No party should have to fear that the deck is stacked against them in court.** By granting this Motion, the Court will affirm the principle that fairness in bankruptcy proceedings is paramount and that any doubt as to impartiality must be resolved in favor of recusal to preserve the integrity of the system[8].

For all these reasons, the Debtor contends that Judge Norton's continued involvement in this case would undermine public confidence and the Debtor's personal confidence in a just outcome. Under 28 U.S.C. § 455(a), recusal is the proper and necessary remedy.

## Relief Requested

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order as follows:

- **(1)** Disqualifying the Honorable Cynthia A. Norton from presiding over Case No. 25-20382-can13, *In re Brian L. Sexton*, due to bias or the appearance of bias, pursuant to 28 U.S.C. § 455(a) and (b)(1);

- **(2)** Directing that this case be immediately reassigned to a different bankruptcy judge in the Western District of Missouri (as determined by the Court or the Chief Judge of the District), so that the Debtor's Chapter 13 proceedings may continue before an impartial judge;

- **(3)** Waiving any otherwise applicable waiting periods or scheduling an expedited hearing on this Motion as the Court deems appropriate, in light of the emergency circumstances; and

- **(4)** Granting such other and further relief as may be just and proper.

## Conclusion

In conclusion, the Debtor submits that he has demonstrated reasonable grounds to question the presiding judge's impartiality, based on the unique history of this case. To ensure fairness and the appearance of fairness, the Debtor *urgently* asks that the Court grant the relief requested herein. An unbiased tribunal is a cornerstone of justice; the Debtor seeks nothing more than the chance to have his bankruptcy case administered by a judge who will give him a fair opportunity, without predisposition, to reorganize his debts. Given the pattern of events that have occurred, recusal and reassignment are necessary to preserve the integrity of the proceedings. The Debtor thanks the Court for its attention to this matter and is prepared to provide any further information or sworn statements as required in support of this Motion.

DATED: November 20, 2025.

Respectfully submitted,

**Brian L. Sexton, Pro Se**
540 N Dearborn St. #10023
Chicago, IL 60610
Phone: 708-820-8170
Email: bsextoneil@gmail.com

*(Debtor and Movant pro se)*

## CERTIFICATE OF SERVICE

I certify that on November 20, 2025, I caused a true and correct copy of the foregoing Emergency Motion for Substitution of Judge Due to Bias and Appearance of Impropriety, together with the Notice of Motion and Proposed Order, to be filed via the Court's CM/ECF system, which will send notice to all registered CM/ECF users, including the Chapter 13 Trustee. I further certify that I served a copy by first-class United States Mail, postage prepaid, on any party not receiving electronic notice, including the following:

I, Brian L. Sexton, certify under penalty of perjury that I have served the attached document on the below listed entities in the manner shown on 11/20/2025.

Via U.S. First Class Mail, or electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 2002-1, Fed. R. Bankr. P. 2002 and other applicable law:

AMERICAN EXPRESS NATIONAL BANK, C/O BECKET AND LEE LLP, PO BOX 3001, MALVERN PA 19355-0701
AMERICAN EXPRESS, PO BOX 297858, FT LAUDERDALE FL 33329-7858
BIRNBAUM HADDON GELFMAN & ARNOUX LLC, 180 NORTH LA SELLE STREET, 37TH FLOOR, CHICAGO IL 60601-2809
BRIAN L SEXTON, 540 N DEARBORN ST, 10023, CHICAGO IL 60610
CAPITAL ONE NA, BY AIS INFOSOURCE LP AS AGENT, 4515 N SANTA FE AVE, OKLAHOMA CITY OK 73118-7901
CAPITAL ONE NA, BY AIS INFOSOURCE LP AS AGENT, PO BOX 71083, CHARLOTTE NC 28272-1083
CAPITAL ONE, ATTN GENERAL CORRESPONDENCE, PO BOX 30285, SALT LAKE CITY UT 84130-0285
CLAREMONT DESIGN, 2900 VERONA RD, MISSION HILLS KS 66208-1273
COMMONWEALTH EDISON CO, 3 LINCOLN CENTER, ATTN BANKRUTPCY CENTER, OAK BROOK TERRACE IL 60181-4204
DAVIS FRIEDMAN LLP, 135 S LASELLE ST, 36TH FLOOR, CHICAGO IL 60610
EUROINVEST LIMITED, 2900 VERONA RD, SHAWNEE MISSION KS 66208-1273
GOJI BERRY LLC, PO BOX 10499, CHIACGO IL 60610-0499
JAMILA ALDASHEVA, 23 W CHICAGO AVE, UNIT 4802, CHICAGO IL 60654-3220
JAMISON SEXTON, JEBEL ALI FREE ZONE, JAFZA BUILDING 1S ROOM 602, PO BOX 26100-1000
JPMORGAN CHASE BANK NA, 38 W 9TH ST APT 9, ILLINOIS NY 10011-8914
JPMORGAN CHASE BANK NA, BANKRUPTCY MAIL INTAKE TEAM, 700 KANSAS LANE FLOOR 01, MONROW LA 71203-4774
JPMORGAN CHASE BANK NATIONAL ASSOCIATION, CHASE RECORDS CENTER, ATTN CORRESPONDENCE MAIL MAIL CODE LA4-5555, MONROE LA 71203
KONICEK & DILLON PC, 21 W STATE ST, GENEVA IL 60134-2238
KRISTEN SERNA, HAMMER SERNA QUINN, 77 W WACKER DRIVE #4500, CHICAGO IL 60601
LNVN FUNDING LLC, RESURGENT CAPITAL SERVICES, PO BOX 10587, GREENVILLE SC 29603-0587

LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, PO BOX 10587, GREENVILLE SC 29603-0587
MEREL FAMILY LAW, TWO PRUDENTIAL PLAZA, 180 N STETSON, CHICAGO IL 60601-6818
NATIONAL GREEN GAS LLC, 82579 FLEMING WAY, INDIO CA 92201
THE LAW OFFICE OF JAMES HANAUER, 600 W ROOSEVELT RD SUITE 81, WHEATON IL 60187-2302
VERIZON WIRELESS, PO BOX 16810, NEWARK NJ 07101-6810

By Electronic Transmittal:
None, other than CM/ECF-registered users as reflected on the Court's docket.

By Fax:
None.

In addition, service has been or will be made by CM/ECF and/or first-class mail on:

Richard V. Fink, Chapter 13 Trustee, 2345 Grand Blvd., Ste. 1200, Kansas City, MO 64108-2663
Office of the United States Trustee, 2345 Grand Blvd., Ste. 1200, Kansas City, MO 64108-2663

I certify that I have prepared this Certificate of Service and that it is a true and correct copy to the best of my knowledge, information, and belief.

Dated: November 20, 2025

/s/ Brian L. Sexton
Brian L. Sexton, Debtor pro se


## NOTICE OF MOTION

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

In re:
BRIAN L. SEXTON, Debtor.

Case No. 25 20382 CAN 13
Chapter 13

NOTICE OF MOTION FOR EMERGENCY SUBSTITUTION OF JUDGE
DUE TO BIAS AND APPEARANCE OF IMPROPRIETY

Any response to the Motion for Emergency Substitution of Judge Due to Bias and Appearance of Impropriety must be filed within twenty-one (21) days of the date of this notice (subject to an extension pursuant to Federal Rule of Bankruptcy Procedure 9006) with the Clerk of the United States Bankruptcy Court. Documents can be filed electronically at:

http://ecf.mowb.uscourts.gov

Respectfully,

**Brian L. Sexton, Pro Se** (Movant)

## NOTICE OF SERVICE

The following parties will be served either electronically through the Court's CM/ECF system or by United States First Class Mail in accordance with the attached Certificate of Service, and a certificate of service will be filed thereafter.

# [PROPOSED] ORDER GRANTING EMERGENCY MOTION FOR SUBSTITUTION OF JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

In re:
BRIAN L. SEXTON, Debtor.

Case No. 25 20382 CAN 13
Chapter 13

[PROPOSED] ORDER GRANTING EMERGENCY MOTION
FOR SUBSTITUTION OF JUDGE DUE TO BIAS

This matter having come before the Court on the Emergency Motion for Substitution of Judge Due to Bias and Appearance of Impropriety (the "Motion") filed by Debtor, Brian L. Sexton, pro se, and the Court having reviewed the Motion and the record in this case, and being otherwise fully advised in the premises, it is hereby:

ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that the Honorable Cynthia A. Norton is recused and disqualified from further presiding over this case pursuant to 28 U.S.C. § 455 and Federal Rule of Bankruptcy Procedure 5004.

IT IS FURTHER ORDERED that this case shall be reassigned forthwith to another United States Bankruptcy Judge in the Western District of Missouri in accordance with the Court's customary procedures.

IT IS FURTHER ORDERED that all existing orders of this Court shall remain in full force and effect unless and until modified by the successor judge.

IT IS SO ORDERED.

Dated: _____, 2025

_____

United States Bankruptcy Judge